**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**

KEVIN DEAN DUNN,
Petitioner,

vs.                                           No. _____

THE STATE OF TEXAS,
Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**PETITION FOR DISCRETIONARY REVIEW**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WYDE & ASSOCIATES, LLP
Dan L. Wyde
SBN 22095500
10100 N. Central Expressway,
Suite 590
Dallas, Texas 75231
Tel  214-521-9100
Fax 214-521-9130
wydelaw@gmail.com

PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

August 28, 2015

ABEL ACOSTA, CLERK

**PETITIONER REQUESTS ORAL ARGUMENT**

1

*Identity of Parties*

The appellant is Kevin Dean Dunn, who is the defendant in the State of Texas v. Kevin Dean Dunn, Case Number 1298839. Appellee is the State of Texas. The appellant appeals from the trial court's denial of his motion to suppress and motion to suppress unlawfully obtained evidence and the trial court's verdict of guilty and its written judgment.

Appellant's trial and appellate counsel is:

1. Hon. Dan L. Wyde
   10100 North Central Expressway, Suite 590
   Dallas, Texas 75231
   Tel.: 214.521.9100
   Fax: 214.521.9130
   Email: wydelaw@gmail.com

Appellee's trial counsel is:

1. Hon. Charles A. Boulware
   Hon. Jacob R. Lilly
   Assistant Criminal District Attorneys, Tarrant County, Texas
   Tim Curry Criminal Justice Center, Fifth Floor
   401W. Belknap Street
   Fort Worth, Texas 76196
   Tel.: 817-884-2608

Appellee's appellate counsel is:

1. Hon. Charles M. Mallin
   Assistant Criminal District Attorney, Tarrant County, Texas
   Tim Curry Criminal Justice Center
   401 W. Belknap StreetFort
   Worth, Texas 76196 Tel.:
   817-884-2608

Trial Judge Is:

     Judge Jerry Woodlock
     Visiting Judge
     2655 Harris Street
     Gainseville, TX 76240

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel…………………………………………2

Index of Authorities……………………………………………………..5

Statement Regarding Oral Argument………………………………….....6

Statement of the Case………………………………………………….6

Statement of Procedural History…………………………………………6

Abbreviations………………………………………………………7

Grounds for Review………………………………………………...7

Argument……………………………………………………………8

*First Issue:* Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence on the grounds that the officer did not have reasonable suspicion or probable cause to effectuate a traffic stop on the Appellant.

*Second Issue:* Whether the trial court erroneously charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996).

# Index of Authorities

Statutes

Texas Code of Criminal Procedure 36.14 …………………………………....p. 14

Texas Code of Criminal Procedure 38.23 …………………………….…p. 124

Texas Transportation Code §545.060(a) …………………………… pgs. 12, 13


Cases

*Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex.Crim.App.1994); ……….….…p. 14

*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984); …………..........pgs. 10, 16

*Baldez v. State*, 386 S.W.3d 324, 326 (Tex. Crim. App. 2012); ………………..p. 15

*Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, (1984); ……….….…p. 11

*Hernandez v. State*, 983 S.W.2d 867, 868-869, 871
(Tex.App.-Austin 1998); …………………………………………… pgs. 11, 12, 13

*Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.ed.2d 889 (1968); …………..p. 11

*Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App.2000); …………………p. 15

*Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, (1996); ...pgs. 7, 9, 10,14
15, 16

*Woods v. State*, 956 S.W.2d 33, 35 (Tex.Crim.App.1997); ………………….p. 11


Rules

Texas Rule of Appellate Procedure 66.3 …………………………………….p. 8

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument should be granted in this appeal as it will aid the Court in reviewing the totality of the evidence presented at the suppression hearing, as well as to resolve the standard for an officer to effectuate the stop of a vehicle for a traffic offense.

**STATEMENT OF THE CASE**

This case concerns a traffic stop based on the transportation code offense of failure to maintain a single lane. The stop resulted in the appellant's arrest and subsequent conviction for the offense of driving while intoxicated. Appellant filed a pre-trial motion to suppress which was denied by the trial court. Appellant also submitted the issue of the reasonableness of the stop to the jury. Appellant contends that the trial court applied the wrong evidentiary standard for a detention based on a traffic violation, and incorrectly instructed the jury on the legal standard.

**STATEMENT OF PROCEDURAL HISTORY**

(1) Date of opinion from Court of Appeals:          May 21, 2015

(2) Date of Motion for Rehearing:          June 22, 2015

(3) Date Motion for Rehearing Disposed:          July 16, 2015

**ABBREVIATIONS AND REFERENCES**

The required documents and several other key documents from the trial are attached to this Petition in the Appendix. The pages of the Appendix are numbered in the lower, right-hand corner for ease of reference and use by the Court. The Clerk's Record (CR) is referred to by page number (e.g., CR422). The Reporter's Record (RR) is referred to by volume number, then page number (e.g. 3 RR 88-90).

**GROUNDS FOR REVIEW**

**1. Probable Cause vs. Reasonable Suspicion for a Traffic Stop**

The trial court only found that there was reasonable suspicion to believe the traffic offense occurred. Appellant contends that, pursuant to *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996), the proper standard is probable cause, not reasonable suspicion. "The decision to stop an automobile is reasonable where the police have probable cause to believe a traffic stop occurred." *Whren* at 810. Appellant contends that an investigative detention can be based on reasonable suspicion of criminal activity or probable cause of a traffic violation, and that the correct legal standard for a stop based on failure to maintain a single lane is probable cause.

## 2. Improper Jury Instruction

The trial court improperly instructed the jury that the stop of appellant was reasonable if reasonable suspicion existed to believe a traffic violation had occurred. The proper instruction would have been that the stop was reasonable if probable cause existed to believe a traffic violation had occurred.

The Court of Appeals for the Second District, Fort Worth, Texas denied appellants appeal and affirmed the trial court's rulings. Appellant contends that the Court of Appeals has decided an important question of law that has not been but should be settled by the Court of Criminal Appeals, or has decided an important question of law which conflicts with a decision of the Supreme Court of the United States, and that therefore the Court of Criminal Appeals should grant review of this petition, pursuant to Texas Rules of Appellate Procedure, Rule 66.3 (b) and (c).

## ARGUMENT

This case is an appeal from a verdict of guilty wherein the appellant was accused of Driving While Intoxicated, a Class A Misdemeanor. On August 24, 2012, the Appellant's vehicle was stopped pursuant to a traffic stop by Officer Daniel McLain, a DWI Officer with the Grapevine Police Department, for failure to maintain a single lane of travel. RR. Vol. 2, 5-10. Appellant was subsequently arrested for driving while intoxicated after the officer

8

detected the smell of alcohol on his breath and slurred speech, and the appellant refused to perform field sobriety exercises. RR, Ex. Index  State Ex. 1.

The trial   court erred when it failed to grant appellant's Motion to Suppress. The trial court further erred when it erroneously charged the jury regarding the burden of proof necessary for law enforcement  to initiate any encounter  or detention  of the  appellant while  operating a motor vehicle  for a traffic  offense as opposed  to a criminal  offense.

*First Issue:* Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence  on the  grounds that the officer did not have reasonable suspicion or probable cause to effectuate a traffic stop on the Appellant.

*Second Issue:* Whether the trial court erroneously   charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S.  806, 116 S.Ct. 1769 (1996).

After the *Whren* decision, it can be said that what has emerged in practice is a dual standard. The standard requires probable cause to stop for a <u>traffic violation</u> or reasonable suspicion that the motorist has committed or is

committing a crime. If Officer McClain had stopped appellant on the belief that appellant was driving while intoxicated then the reasonable suspicion standard would still apply, if and only if his suspicion was "reasonable"; which means based on "reason(s)"; not a hunch someone has ingested an intoxicant, and that intoxicant has caused the person to not have the normal use of their mental or physical faculties. It is clear from the facts that Officer McClain believed he had probable cause to arrest appellant for driving while intoxicated only after he made contact with appellant and not as he was pulling him over for the traffic offense. The appellant was harmed by the use of the lower standard. Given the United States Supreme Court holding in *Whren v. United States,* the jury should have been charged as to this higher standard as requested by appellant and it was error for the trial court to not instruct as such. Failure to instruct the jury as to the proper burden of proof is fundamental error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984). Error requires this court to reverse the trial court and acquit the appellant. The trial court further erred by failing to include defense counsel's requested language change in the court's charge.

**Issue One: Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence on the grounds that the officer did not have reasonable suspicion or probable cause to stop Appellant's vehicle.**

Appellant contends that this court should remand this issue to the trial court to make complete findings of fact and conclusions of law such that this court can review the trial court's application of law to the facts as were presented at the suppression hearing. Should the court not be so inclined, this court could and should still find that the trial court erred in denying appellant's Motion to Suppress as the trial court's findings were not supported by the record, as more fully set forth below.

"A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that **criminal** activity may be afoot, even if the officer lacks evidence rising to the level of 'probable cause.'" *Terry v. Ohio,* 392 U.S. 1, 29, 88 S.Ct. 1868 (1968). A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138 (1984); *Hernandez v. State,* 983 S.W.2d 867, 869 (Tex.App.-Austin 1998, pet. ref d). A detaining officer must have specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State,* 956 S.W.2d 33, 35 (Tex. Crim.App.1997); *Hernandez,* 983 S.W.2d at 869.

The State did not meet its burden in proving that appellant's conduct was suspicious enough to warrant police intrusion at the time the stop was made and the judge made no findings of the officer's specific, articulable facts sufficient to establish reasonable suspicion, much less probable cause. *See* Appendix, Findings of Fact and Conclusions of Law. Officer McClain, the sole witness for the State, testified at the suppression hearing that the basis for him initiating a traffic stop of the Appellant's vehicle was for failure to maintain a single lane of travel, a traffic offense. Upon further questioning by the State he added that, at the time of the stop, he also "possibly" had the reasonable belief that the appellant might be intoxicated. He based this "possible" belief on the fact that it was 11:00 o'clock at night and the appellant was travelling away from the bar district. His training and experience led him to the hunch that the appellant was intoxicated. Even if the State were to argue that the basis of the suspicion for the stop was that appellant was intoxicated, and not merely that appellant had violated section 545.060(a) of the Transportation Code, they did not meet their burden. To apply the officer's hunch to every motorist, then every motorist who is traveling away from a "bar district" in the 11:00 o'clock hour, who commits any traffic offense, must be intoxicated, is not only illogical, but absurd.

The issue in this case is not whether the officer had sufficient articulable facts to give rise to a reasonable suspicion that appellant was intoxicated, but whether he had sufficient articulable facts to give rise to probable cause that appellant had committed a traffic offense. This is supported by Officer McClain's testimony that he stopped appellant for the traffic offense and not for the "possible" belief of intoxication.

Texas Transportation Code Sec. 545.060(a) provides:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical entirely within a single lane; and

(2) may not move from the lane unless movement can be made safely. Under this statute, a violation occurs only when a vehicle fails to stay within its lane and such movement is not safe or is not made safely. *Hernandez,* 983 S.W.2d at 871. In *Hernandez,* the officer testified that the vehicle in question failed to maintain a single marked lane and the repeated lane changes were unsafe because he was concerned about the driver's well-being. *Id.* at 868. The State did not meet its burden in showing that the movement of appellant's vehicle was unsafe and the trial court erred in denying appellant's Motion to Suppress. The trial court's ruling should be overruled by this court as it was not sufficiently supported by the credible and believable

evidence presented.

**<u>Issue Two</u>**: Whether the trial court erroneously charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996).

Texas Code of Criminal Procedure 36.14 requires the trial court deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Tex. Code. Crim. Proc. Ann. Art. 36.14. When reviewing alleged errors in a trial court's charge, we must first determine whether error actually exists in the charge, and, if error does exist, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731-732 (Tex.Crim.App.1994) .

The trial court incorrectly charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle. The trial court erred by denying appellant's request to include for the jury the definition of the applicable traffic offense. The appellant argued and made the record pursuant to Code of Criminal Procedure Article 36.14 that under the facts of the instant case the proper standard in respect to the 38.23 language was probable cause as opposed to reasonable suspicion and asked the court to change the language of the

14

charge to so reflect.

Defense counsel also argued for the trial court to include for the jury the definition of what constitutes failing to maintain a single lane of traffic so that the jury could answer the factual question of whether or not appellant left his lane of traffic and, if so, whether he did so unsafely.

Officer McClain did not stop appellant because he had a reasonable suspicion that the appellant was intoxicated. He stopped appellant because he believed appellant to have committed a traffic offense, namely the failure to stay within a single lane of traffic. In *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996), the United States Supreme Court, declared "probable cause" to be the constitutionally mandated level of suspicion necessary to stop an automobile for a traffic violation. The *Whren* court stated:

> "An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have *probable cause* to believe **that a traffic violation has occurred**."

*Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996). The Texas courts have followed this same language in *Baldez v. State,* 386 S.W.3d 324 (Tex. Crim. App. 2012) and *Walter v. State,* 28 S.W.3d 538 (Tex.Crim.App.2000) where they quoted straight from the *Whren* decision and stated, "Generally, a police officer's decision to stop a car is reasonable when

the officer has probable cause to believe <u>that a traffic violation has *occurred*</u>. *Baldez v. State,* 386 S.W.3d 324, 326 (Tex. Crim. App. 2012); *Walter v. State,* 28 S.W.3d 538, 542 (Tex.Crim.App.2000) (citing *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996)).

After the *Whren* decision, it can be said that what has emerged in practice is a dual standard. The standard requires probable cause to stop for a <u>traffic violation</u> or reasonable suspicion that the motorist has committed or is committing a crime. If Officer McClain had stopped appellant on the belief that appellant was driving while intoxicated then the reasonable suspicion standard would still apply, if and only if his suspicion was "reasonable"; which means based on "reason(s)"; not a hunch someone has ingested an intoxicant, and that intoxicant has caused the person to not have the normal use of their mental or physical faculties. It is clear from the facts that Officer McClain believed he had probable cause to arrest appellant for driving while intoxicated only after he made contact with appellant and not as he was pulling him over for the traffic offense. The appellant was harmed by the use of the lower standard. Given the United States Supreme Court holding in *Whren v. United States,* the jury should have been charged as to this higher standard as requested by appellant and it was error for the trial court to not instruct as such. Failure to instruct the jury as to the proper burden of proof is fundamental error. *Almanza v. State,* 686 S.W.2d 157

(Tex.Crim.App. 1984). Errorrequires this court to reverse the trial court and acquit the appellant.

## *Conclusion*

The uncontroverted and unchallenged videotape evidence of the incident shows that the trial court erroneously denied appellant's two pre-trial motions to suppress evidence. Officer McClain had no probable cause to effectuate the traffic stop on appellant for the alleged traffic offense of failure to maintain a single lane of travel. The State's Exhibit 1 is conclusive proof that no traffic offense occurred. Thus, pursuant to 38.23 of the Code of Criminal Procedure the trial court erred by not suppressing the evidence obtained as a result of an unlawful search.

## *Prayer*

Petitioner prays that this Petition be granted;

That the evidence obtained as a result of the vehicle stop be ordered suppressed, and the conviction based on the evidence obtained as a result of the improper vehicle stop should be reversed and judgment of acquittal rendered, or in the alternative that the case should be remanded to the trial court with the order that the evidence be suppressed.

The error in the jury charge for possession cases should be corrected for all future cases.

Petitioner also requests such other and further relief as is just.

Respectfully submitted,

By: */s/Dan L. Wyde*

Dan L.  Wyde
Texas Bar No.  22095500
10100 North Central Expressway, Suite 590
Dallas, TX   75231
Tel.: (214)  521-9100; Fax:  (214) 521-9130
E-mail:   wydelaw@gmail.com
Attorney  for  Kevin  Dean  Dunn,  Petitioner

## CERTIFICATE  OF  COMPLIANCE

I certify in accordance with Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure that the number of words in this document is 3,128 as calculated by the Word  Count tool  in Microsoft Word.


*/S/ Dan L. Wyde*
Dan L. Wyde

## CERTIFICATE OF SERVICE

I certify that on August 11, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Appellate Division, Tarrant County, by facsimile transmission to 817.884.1672.


*/s/ Dan L. Wyde*
Server

Print this page

# Envelope 6617393

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/24/2015 11:03:35 AM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Dan Wyde |
| Firm Name | Wyde & Associates |
| Filed By | Dan Wyde |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Wyde & Associates |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10846848 |
| Order # | 006617393-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 08/28/2015 | Your petition was initially rejected on August 11, 2015; a corrected petition was due ten (10) days later. A corrected petition was due August 21, 2015. You have |

| Other | 10:55:11 AM | submitted a corrected petition on August 24, 2015; your petition is untimely. Additionally, the petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. The time to file a corrected petition has past. |
|---|---|---|

## Documents

| *Lead Document* | 2015-08-11 Petition for Discretionary Review Dunn.pdf | [Original] |
|---|---|---|