# PD-1012-15

PD-1012-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/31/2015 12:00:00 AM
Accepted 9/1/2015 11:14:36 AM
ABEL ACOSTA
CLERK

## IN THE
## TEXAS COURT OF CRIMINAL APPEALS

KEVIN DEAN DUNN,
Petitioner,

vs.                                    No. _____

THE STATE OF TEXAS,
Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WYDE & ASSOCIATES, LLP
Dan L. Wyde
SBN 22095500
10100 N. Central Expressway,
Suite 590
Dallas, Texas 75231
Tel  214-521-9100
Fax 214-521-9130
wydelaw@gmail.com

PETITIONER

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

## PETITIONER REQUESTS ORAL ARGUMENT

1

*Identity of Parties*

The appellant is Kevin Dean Dunn, who is the defendant in the State of Texas v. Kevin Dean Dunn, Case Number 1298839. Appellee is the State of Texas. The appellant appeals from the trial court's denial of his motion to suppress and motion to suppress unlawfully obtained evidence and the trial court's verdict of guilty and its written judgment.

Appellant's trial and appellate counsel is:

1. Hon. Dan L. Wyde
   10100 North Central Expressway, Suite 590
   Dallas, Texas 75231
   Tel.: 214.521.9100
   Fax: 214.521.9130
   Email: wydelaw@gmail.com

Appellee's trial counsel is:

1. Hon. Charles A. Boulware
   Hon. Jacob R. Lilly
   Assistant Criminal District Attorneys, Tarrant County, Texas
   Tim Curry Criminal Justice Center, Fifth Floor
   401 W. Belknap Street
   Fort Worth, Texas 76196
   Tel.: 817-884-2608

Appellee's appellate counsel is:

1. Hon. Charles M. Mallin
   Assistant Criminal District Attorney, Tarrant County, Texas
   Tim Curry Criminal Justice Center
   401 W. Belknap StreetFort
   Worth, Texas 76196 Tel.:
   817-884-2608

Trial Judge Is:

Judge Jerry Woodlock
Visiting Judge
2655 Harris Street
Gainseville, TX 76240

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel………………………………………2

Index of Authorities………………………………………………………..5

Statement Regarding Oral Argument…………………………………….....6

Statement of the Case……………………………………………………….6

Statement of Procedural History……………………………………………6

Abbreviations………………………………………………………………7

Grounds for Review………………………………………………………...7

Argument……………………………………………………………………8

*First Issue:* Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence on the grounds that the officer did not have reasonable suspicion or probable cause to effectuate a traffic stop on the Appellant.

*Second Issue:* Whether the trial court erroneously charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996).

# Index of Authorities

Statutes

Texas Code of Criminal Procedure 36.14 …………………………………....p. 14

Texas Code of Criminal Procedure 38.23 ……………………………….…p. 124

Texas Transportation Code §545.060(a) …………………………… pgs. 12, 13


Cases

*Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex.Crim.App.1994); ……….….…p. 14

*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984); …………..........pgs. 10, 16

*Baldez v. State*, 386 S.W.3d 324, 326 (Tex. Crim. App. 2012); ………………..p. 15

*Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, (1984); ……….….…p. 11

*Hernandez v. State*, 983 S.W.2d 867, 868-869, 871
(Tex.App.-Austin 1998); …………………………………………… pgs. 11, 12, 13

*Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.ed.2d 889 (1968); …………..p. 11

*Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App.2000); ……………………p. 15

*Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, (1996); ...pgs. 7, 9, 10,14
15, 16

*Woods v. State*, 956 S.W.2d 33, 35 (Tex.Crim.App.1997); ………………………p. 11


Rules

Texas Rule of Appellate Procedure 66.3 …………………………………….p. 8

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument should be granted in this appeal as it will aid the Court in reviewing the totality of the evidence presented at the suppression hearing, as well as to resolve the standard for an officer to effectuate the stop of a vehicle for a traffic offense.

**STATEMENT OF THE CASE**

This case concerns a traffic stop based on the transportation code offense of failure to maintain a single lane. The stop resulted in the appellant's arrest and subsequent conviction for the offense of driving while intoxicated. Appellant filed a pre-trial motion to suppress which was denied by the trial court. Appellant also submitted the issue of the reasonableness of the stop to the jury. Appellant contends that the trial court applied the wrong evidentiary standard for a detention based on a traffic violation, and incorrectly instructed the jury on the legal standard.

**STATEMENT OF PROCEDURAL HISTORY**

(1) Date of opinion from Court of Appeals:  May 21, 2015

(2) Date of Motion for Rehearing:  June 22, 2015

(3) Date Motion for Rehearing Disposed:  July 16, 2015

6

**ABBREVIATIONS AND REFERENCES**

The required documents and several other key documents from the trial are attached to this Petition in the Appendix. The pages of the Appendix are numbered in the lower, right-hand corner for ease of reference and use by the Court. The Clerk's Record (CR) is referred to by page number (e.g., CR422). The Reporter's Record (RR) is referred to by volume number, then page number (e.g. 3 RR 88-90).

**GROUNDS FOR REVIEW**

**1. Probable Cause vs. Reasonable Suspicion for a Traffic Stop**

The trial court only found that there was reasonable suspicion to believe the traffic offense occurred. Appellant contends that, pursuant to *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996), the proper standard is probable cause, not reasonable suspicion. "The decision to stop an automobile is reasonable where the police have probable cause to believe a traffic stop occurred." *Whren* at 810. Appellant contends that an investigative detention can be based on reasonable suspicion of criminal activity or probable cause of a traffic violation, and that the correct legal standard for a stop based on failure to maintain a single lane is probable cause.

## 2. Improper Jury Instruction

The trial court improperly instructed the jury that the stop of appellant was reasonable if reasonable suspicion existed to believe a traffic violation had occurred. The proper instruction would have been that the stop was reasonable if probable cause existed to believe a traffic violation had occurred.

The Court of Appeals for the Second District, Fort Worth, Texas denied appellants appeal and affirmed the trial court's rulings. Appellant contends that the Court of Appeals has decided an important question of law that has not been but should be settled by the Court of Criminal Appeals, or has decided an important question of law which conflicts with a decision of the Supreme Court of the United States, and that therefore the Court of Criminal Appeals should grant review of this petition, pursuant to Texas Rules of Appellate Procedure, Rule 66.3 (b) and (c).

## ARGUMENT

This case is an appeal from a verdict of guilty wherein the appellant was accused of Driving While Intoxicated, a Class A Misdemeanor. On August 24, 2012, the Appellant's vehicle was stopped pursuant to a traffic stop by Officer Daniel McLain, a DWI Officer with the Grapevine Police Department, for failure to maintain a single lane of travel. RR. Vol. 2, 5-10. Appellant was subsequently arrested for driving while intoxicated after the officer

8

detected the smell of alcohol on his breath and slurred speech, and the appellant refused to perform field sobriety exercises. RR, Ex. Index  State Ex. 1.

The trial   court erred when it failed to grant appellant's Motion to Suppress. The trial court further erred when it erroneously charged the jury regarding the burden of proof necessary for law enforcement  to initiate any encounter  or detention  of the  appellant while  operating a motor vehicle  for a traffic  offense as opposed  to a criminal  offense.

*First Issue:* Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence  on the  grounds that the officer did not  have reasonable suspicion or probable cause to effectuate a traffic stop on the Appellant.

*Second Issue:* Whether the trial court erroneously   charged  the  jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S.  806, 116 S.Ct. 1769 (1996).

After the *Whren* decision, it can be said that what has emerged in practice is a dual standard. The standard requires probable cause to stop for a traffic violation or reasonable suspicion that the motorist has committed or is

9

committing a crime. If Officer McClain had stopped appellant on the belief that appellant was driving while intoxicated then the reasonable suspicion standard would still apply, if and only if his suspicion was "reasonable" ; which means based on "reason(s)" ; not a hunch someone has ingested an intoxicant, and that intoxicant has caused the person to not have the normal use of their mental or physical faculties. It is clear from the facts that Officer McClain believed he had probable cause to arrest appellant for driving while intoxicated only after he made contact with appellant and not as he was pulling him over for the traffic offense. The appellant was harmed by the use of the lower standard. Given the United States Supreme Court holding in *Whren v. United States,* the jury should have been charged as to this higher standard as requested by appellant and it was error for the trial court to not instruct as such. Failure to instruct the jury as to the proper burden of proof is fundamental error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984). Error requires this court to reverse the trial court and acquit the appellant. The trial court further erred by failing to include defense counsel's requested language change in the court's charge.


**Issue One: Whether the trial court erroneously denied appellant's Motion to Suppress Unlawfully Obtained Evidence on the grounds that the officer did not have reasonable suspicion or probable cause to stop Appellant's vehicle.**

Appellant contends that this court should remand this issue to the trial court to make complete findings of fact and conclusions of law such that this court can review the trial court's application of law to the facts as were presented at the suppression hearing. Should the court not be so inclined, this court could and should still find that the trial court erred in denying appellant's Motion to Suppress as the trial court's findings were not supported by the record, as more fully set forth below.

"A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that **criminal** activity may be afoot, even if the officer lacks evidence rising to the level of 'probable cause.'" *Terry v. Ohio,* 392 U.S. 1, 29, 88 S.Ct. 1868 (1968). A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138 (1984); *Hernandez v. State,* 983 S.W.2d 867, 869 (Tex.App.-Austin 1998, pet. ref d). A detaining officer must have specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State,* 956 S.W.2d 33, 35 (Tex. Crim.App.1997); *Hernandez,* 983 S.W.2d at 869.

The State did not meet its burden in proving that appellant's conduct was suspicious enough to warrant police intrusion at the time the stop was made and the judge made no findings of the officer's specific, articulable facts sufficient to establish reasonable suspicion, much less probable cause. *See* Appendix, Findings of Fact and Conclusions of Law. Officer McClain, the sole witness for the State, testified at the suppression hearing that the basis for him initiating a traffic stop of the Appellant's vehicle was for failure to maintain a single lane of travel, a traffic offense. Upon further questioning by the State he added that, at the time of the stop, he also "possibly" had the reasonable belief that the appellant might be intoxicated. He based this "possible" belief on the fact that it was 11:00 o'clock at night and the appellant was travelling away from the bar district. His training and experience led him to the hunch that the appellant was intoxicated. Even if the State were to argue that the basis of the suspicion for the stop was that appellant was intoxicated, and not merely that appellant had violated section 545.060(a) of the Transportation Code, they did not meet their burden. To apply the officer's hunch to every motorist, then every motorist who is traveling away from a "bar district" in the 11:00 o'clock hour, who commits any traffic offense, must be intoxicated, is not only illogical, but absurd.

The issue in this case is not whether the officer had sufficient articulable facts to give rise to a reasonable suspicion that appellant was intoxicated, but whether he had sufficient articulable facts to give rise to probable cause that appellant had committed a traffic offense. This is supported by Officer McClain's testimony that he stopped appellant for the traffic offense and not for the "possible" belief of intoxication.

Texas Transportation Code Sec. 545.060(a) provides:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical entirely within a single lane; and

(2) may not move from the lane unless movement can be made safely. Under this statute, a violation occurs only when a vehicle fails to stay within its lane and such movement is not safe or is not made safely. *Hernandez,* 983 S.W.2d at 871. In *Hernandez,* the officer testified that the vehicle in question failed to maintain a single marked lane and the repeated lane changes were unsafe because he was concerned about the driver's well-being. *Id.* at 868. The State did not meet its burden in showing that the movement of appellant's vehicle was unsafe and the trial court erred in denying appellant's Motion to Suppress. The trial court's ruling should be overruled by this court as it was not sufficiently supported by the credible and believable

13

evidence presented.

**<u>Issue Two</u>**: Whether the trial court erroneously charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle, as set forth in *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996).

Texas Code of Criminal Procedure 36.14 requires the trial court deliver to the jury "a written charge distinctly setting forth the law applicable to the case." Tex. Code. Crim. Proc. Ann. Art. 36.14. When reviewing alleged errors in a trial court's charge, we must first determine whether error actually exists in the charge, and, if error does exist, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731-732 (Tex.Crim.App.1994) .

The trial court incorrectly charged the jury regarding the burden of proof necessary for law enforcement to initiate any encounter or detention of the appellant while operating a motor vehicle. The trial court erred by denying appellant's request to include for the jury the definition of the applicable traffic offense. The appellant argued and made the record pursuant to Code of Criminal Procedure Article 36.14 that under the facts of the instant case the proper standard in respect to the 38.23 language was probable cause as opposed to reasonable suspicion and asked the court to change the language of the

charge to so reflect.

Defense counsel also argued for the trial court to include for the jury the definition of what constitutes failing to maintain a single lane of traffic so that the jury could answer the factual question of whether or not appellant left his lane of traffic and, if so, whether he did so unsafely.

Officer McClain did not stop appellant because he had a reasonable suspicion that the appellant was intoxicated. He stopped appellant because he believed appellant to have committed a traffic offense, namely the failure to stay within a single lane of traffic. In *Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769 (1996), the United States Supreme Court, declared "probable cause" to be the constitutionally mandated level of suspicion necessary to stop an automobile for a traffic violation. The *Whren* court stated:

> "An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have *probable cause* to believe **that a traffic violation has occurred**."

*Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769 (1996). The Texas courts have followed this same language in *Baldez v. State,* 386 S.W.3d 324 (Tex. Crim. App. 2012) and *Walter v. State,* 28 S.W.3d 538 (Tex.Crim.App.2000) where they quoted straight from the *Whren* decision and stated, "Generally, a police officer's decision to stop a car is reasonable when

the officer has probable cause to believe <u>that a traffic violation has *occurred*</u>. *Baldez v. State,* 386 S.W.3d 324, 326 (Tex. Crim. App. 2012); *Walter v. State,* 28 S.W.3d 538, 542 (Tex.Crim.App.2000) (citing *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769(1996)).

After the *Whren* decision, it can be said that what has emerged in practice is a dual standard. The standard requires probable cause to stop for a <u>traffic violation</u> or reasonable suspicion that the motorist has committed or is committing a crime. If Officer McClain had stopped appellant on the belief that appellant was driving while intoxicated then the reasonable suspicion standard would still apply, if and only if his suspicion was "reasonable"; which means based on "reason(s)"; not a hunch someone has ingested an intoxicant, and that intoxicant has caused the person to not have the normal use of their mental or physical faculties. It is clear from the facts that Officer McClain believed he had probable cause to arrest appellant for driving while intoxicated only after he made contact with appellant and not as he was pulling him over for the traffic offense. The appellant was harmed by the use of the lower standard. Given the United States Supreme Court holding in *Whren v. United States,* the jury should have been charged as to this higher standard as requested by appellant and it was error for the trial court to not instruct as such. Failure to instruct the jury as to the proper burden of proof is fundamental error. *Almanza v. State,* 686 S.W.2d 157

16

(Tex.Crim.App. 1984). Errorrequires this court to reverse the trial court and acquit the appellant.

## *Conclusion*

The uncontroverted and unchallenged videotape evidence of the incident shows that the trial court erroneously denied appellant's two pre-trial motions to suppress evidence. Officer McClain had no probable cause to effectuate the traffic stop on appellant for the alleged traffic offense of failure to maintain a single lane of travel. The State's Exhibit 1 is conclusive proof that no traffic offense occurred. Thus, pursuant to 38.23 of the Code of Criminal Procedure the trial court erred by not suppressing the evidence obtained as a result of an unlawful search.

## *Prayer*

Petitioner prays that this Petition be granted;

That the evidence obtained as a result of the vehicle stop be ordered suppressed, and the conviction based on the evidence obtained as a result of the improper vehicle stop should be reversed and judgment of acquittal rendered, or in the alternative that the case should be remanded to the trial court with the order that the evidence be suppressed.

The error in the jury charge for possession cases should be corrected for all future cases.

Petitioner also requests such other and further relief as is just.

Respectfully submitted,

By: */s/Dan L. Wyde*

Dan L. Wyde
Texas Bar No. 22095500
10100 North Central Expressway, Suite 590
Dallas, TX 75231
Tel.: (214) 521-9100; Fax: (214) 521-9130
E-mail: wydelaw@gmail.com
Attorney for Kevin Dean Dunn, Petitioner

## CERTIFICATE OF COMPLIANCE

I certify in accordance with Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure that the number of words in this document is 3,128 as calculated by the Word Count tool in Microsoft Word.

/S/ *Dan L. Wyde*
Dan L. Wyde

## CERTIFICATE OF SERVICE

I certify that on August 11, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Appellate Division, Tarrant County, by facsimile transmission to 817.884.1672.

*/s/ Dan L. Wyde*
Server

WHEREFORE Petitioner hereby PRAYS that this Honorable Court GRANT Petitioner's Motion to Extend Time to File Petition for Discretionary Review, and extend the deadline for the filing of the Petition to 10 days from the date the Court receives this pleading.

Respectfully Submitted

*/S/ Dan Wyde*

_____

WYDE & ASSOCIATES, L.L.C.
Dan L. Wyde
SBN 22095500
10100 N. Central Expressway, Suite 590
Dallas, Texas 75231
Tel  214-521-9100
Fax 214-521-9130
wydelaw@gmail.com

PETITIONER

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00059-CR

---

KEVIN DEAN DUNN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1298839

----------

## OPINION

----------

## I. INTRODUCTION

Appellant Kevin Dean Dunn appeals his conviction for driving while intoxicated with a blood alcohol concentration of .15 or higher, a class-A misdemeanor. *See* Tex. Penal Code Ann. 49.04(a), (d) (West Supp. 2014). Dunn pleaded not guilty, but a jury found him guilty; the trial court assessed Dunn's punishment at ninety days' confinement and a $1,250.00 fine. The trial

court suspended imposition of Dunn's sentence and placed him on community supervision for a twenty-four month term. In his first two issues, Dunn argues that the trial court erred by denying his motion to suppress because (1) the arresting officer lacked reasonable suspicion or probable cause to stop his vehicle and (2) the search warrant affidavit made by the officer in order to seize a sample of Dunn's blood contained false statements or statements made with a reckless disregard for their truth. In his third issue, Dunn asserts that error exists in the court's charge because it contained an improper instruction stating that a traffic stop is valid when it is premised on reasonable suspicion that the person committed a traffic offense. We will affirm.

## II. BACKGROUND

One evening in August at around 11:00 p.m., while City of Grapevine Police Officer Daniel McClain was on patrol, Dunn pulled up next to Officer McClain's patrol car at a red light. Officer McClain's dash-cam video recorded the evening's events and shows that when the light turned green, Dunn accelerated ahead of Officer McClain. As Dunn drove, he drifted into Officer McClain's lane, requiring Officer McClain to slow down to avoid a collision. Dunn corrected his vehicle, and Officer McClain changed lanes, so that his patrol car was following directly behind Dunn's vehicle. When Dunn's vehicle drifted the other direction and topped the broken white line, prompting a driver in the adjacent lane to brake, Officer McClain stopped Dunn for failing to maintain a

2

single lane of travel. It was late at night, and Officer McClain thought Dunn could be driving while intoxicated.

In an affidavit for a search warrant to obtain a sample of Dunn's blood, Officer McClain stated that when he began talking with Dunn, he smelled a "strong odor of an alcoholic beverage" and observed that Dunn had bloodshot, watery eyes and spoke "with a thick tongue." At Officer McClain's request, Dunn got out of his vehicle. Officer McClain noted that Dunn swayed as he stood and that Dunn walked unsteadily. Dunn refused to perform field sobriety tests; Officer McClain arrested him for driving while intoxicated.

Dunn refused to consent to a blood draw; Officer McClain prepared an affidavit for a search warrant to obtain a specimen of Dunn's blood and obtained a warrant. Dunn's blood alcohol content exceeded .15.

Dunn filed two separate motions to suppress: one challenging the grounds for the stop and arrest, the other contending that Officer McClain's statements in his affidavit were false or made with a reckless disregard for the truth. The trial court conducted successive, back-to-back hearings on Dunn's two motions to suppress and denied them.[1]

---

[1]The trial court issued findings of fact concerning Dunn's second motion to suppress and we previously abated this appeal at Dunn's request to permit the trial court to make findings of fact concerning Dunn's first motion to suppress. The trial court supplemented its findings and conclusions with findings regarding the first motion to suppress, stating that Officer McClain was a credible and reliable witness at the suppression hearing and that he possessed reasonable suspicion to stop Dunn's vehicle. Dunn then filed a motion requesting that this court disregard the trial court's supplemental findings of fact and conclusions of

3

### III. THE CONSTITUTIONAL PREREQUISITE TO A TRAFFIC STOP

Dunn's first and third issues are premised on the contention that the United States Supreme Court in *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769 (1996), "without announcing that a substantive change had occurred, mysteriously raised" the prerequisite for a stop based on a traffic violation from reasonable suspicion to probable cause. Consequently, in his first issue, Dunn argues that the trial court erroneously denied his first suppression motion because Officer McClain did not have probable cause for the stop. Dunn's third issue claims that the jury charge incorrectly instructed that reasonable suspicion of a traffic offense justifies a stop when, according to Dunn's interpretation of *Whren*, probable cause is required for such a stop.

### A. Law Governing Traffic Stops

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007); *see Young v.*

_____

law. Dunn complains of the trial court's supplemental conclusion that Officer McClain possessed reasonable suspicion to stop him. Because we review this conclusion and the facts upon which it is based in connection with Dunn's first two issues, and because Dunn requested the supplemental findings of fact and conclusions of law, we deny his motion that we disregard them.

4

*State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 558 U.S. 1093 (2009). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford*, 158 S.W.3d at 492. Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*

Dunn's argument that *Whren* raised the prerequisite for a traffic stop to probable cause is the same argument that was advanced by the defendant in *United States v. Lopez-Soto,* and we agree with the Ninth Circuit's response:

> Lopez-Soto argues that the Supreme Court's decision in *Whren* . . . stands for the proposition that an officer must have probable cause to make a traffic stop. He relies on the Court's observation that, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."
>
> Prior to *Whren*, it was settled law that reasonable suspicion is enough to support an investigative traffic stop.
>
> . . . .
>
> We do not believe that the Court in *Whren* intended to change this settled rule. The passage on which Lopez-Soto relies tells us only that probable cause is sufficient to support a traffic stop, not that it is necessary. If the Supreme Court announced in *Whren* a new rule of law, as Lopez-Soto contends, we would expect it to have acknowledged the change and explained its reasoning. Such an explanation is notably absent from the *Whren* opinion. Instead, the facts of *Whren* involved speeding and failure to signal, and the parties agreed that, from these facts, the police had probable cause to make the disputed stop. This threshold agreement allowed the *Whren* Court to address a different issue, namely the constitutional relevance of the officers' subjective intent in making the stop, to which the Court gave sustained attention. Given that probable cause was clearly satisfied on the facts before the Court in *Whren* and that the Court directed its focus elsewhere, we do not believe that the casual use of the phrase "probable cause" was intended to set a new standard.
>
> . . . [T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops.

205 F.3d 1101, 1104–05 (9th Cir. 2000) (citations omitted).

6

The Ninth Circuit's treatment of the argument accords with Texas law. *See Ford*, 158 S.W.3d at 492 ("An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law."); *see also, e.g.*, *Delafuente v. State*, 414 S.W.3d 173, 179 (Tex. Crim. App. 2013) ("Taken together, these facts and inferences are sufficient to lead a reasonable officer to conclude that appellant was engaged in criminal activity, namely a violation of [Texas Transportation Code] Section 545.363(a)."); *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013) ("In this case, the State was required to show that the officer had reasonable suspicion that Appellant committed the traffic violation of driving in the left lane without passing when a sign (a traffic control device) prohibited such action.").

Because reasonable suspicion is the threshold for a traffic stop, the trial court's jury charge was not erroneous, and we overrule Dunn's third issue. *See Sanchez v. State,* 418 S.W.3d 302, 308 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)) ("[I]f [jury-charge] error did not occur, our analysis ends."). We now turn to whether the facts support the trial court's finding that Officer McClain had reasonable suspicion to stop Dunn for failing to maintain a single lane of travel.

### B. Motion to Suppress

We review a trial court's ruling on the motion to suppress evidence under a bifurcated standard of review. *Amador*, 221 S.W.3d at 673; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision,

7

we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede*, 214 S.W.3d at 24–25; *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, as here, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19.

We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

The Transportation Code provides, "An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane and (2) may not move from the lane unless that movement can be made safely." Tex. Transp. Code Ann. § 545.060(a)(1)(2) (West 2011). Officer McClain saw Dunn drift from his lane twice, which can be seen on the video. And contrary to Dunn's assertion on appeal, the drifting was unsafe; Officer McClain as well as another driver had to slow down to avoid hitting Dunn.[2] Viewing the video and Officer McClain's testimony in the light most

---

[2]Dunn asserts that Officer McClain's self-described "evasive maneuver" involved only taking his foot off the accelerator and did not involve braking or making a quick movement. Regardless, deceleration, whether by braking or discontinuing acceleration, in response to a weaving driver, is evasive, and unsafe weaving does not require that other drivers brake or make quick, furtive movements. *See Taylor v. Sate*, 916 S.W.2d 680, 681–82 (Tex. App.—Waco 1996, pet. ref'd) (considering swerving into another lane and almost hitting an officers' vehicle therein to be unsafe driving); *see also Yeakley v. State*, No. 03-09-00584-CR, 2011 WL 677391, at *4 (Tex. App.—Austin Feb. 25, 2011, pet. dism'd) (holding that surrounding drivers' use of caution to avoid the appellant's weaving vehicle did not render the weaving safe).

9

favorable to the trial court's ruling, *see Wiede*, 214 S.W.3d at 24; *Kelly*, 204 S.W.3d at 818–19, *Montanez*, 195 S.W.3d at 109, we conclude that the record supports the trial court's ruling. We overrule Dunn's first issue.

### IV. VERACITY OF AFFIDAVIT STATEMENTS

Dunn's second issue is premised on *Franks v. Delaware*, in which the United States Supreme Court held,

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155–56, 98 S. Ct. 2674, 2675 (1978).

In conducting a *Franks* suppression review, we use the same bifurcated review outlined in the previous section, giving almost total deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor while reviewing de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Davis v. State*, 144 S.W.3d 192, 201 (Tex. App.—Fort Worth 2004, pet. ref'd) (op. on reh'g). An affidavit supporting a search warrant begins with the presumption of validity. *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684; *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). It is the defendant's burden to rebut that presumption by proving by a preponderance of the evidence that the affiant made false statement deliberately or with a reckless disregard for the

10

truth. *Franks*, 438 U.S. at 156, 171, 98 S. Ct. at 2676, 2684; *Davis*, 144 S.W.3d at 201. The defendant must also show that absent the false information, the remaining content is insufficient for probable cause. *Franks*, 438 U.S. at 156, 171–72, 98 S. Ct. at 2676, 2684–85; *Davis*, 144 S.W.3d at 201; *see Cates*, 120 S.W.3d at 356.

In its findings of fact and conclusions of law, the trial court stated that the affidavit statements were all borne out by the testimony at the suppression hearing and that there was no proof that Officer McClain deliberately made false statements or made statements with a reckless disregard for the truth. Dunn disagrees, challenging several of the affidavit statements and noted observations, including the statement that Dunn drifted into Officer McClain's lane and almost collided with his patrol vehicle, that appellant had a strong odor of alcohol, that Dunn "spoke with a thick tongue[,]" that Dunn's clothing was disorderly, that Dunn swayed and staggered, and that Dunn had an uncooperative attitude. Having already determined that the video supports Officer McClain's description of Dunn drifting into his lane in an unsafe manner, this statement in the affidavit is not false. *See Franks*, 438 U.S. at 156, 171–72, 98 S. Ct. at 2676, 2684–85 (instructing that information that is proven to be false and to have been made intentionally, knowingly, or with a reckless disregard for the truth is to be omitted and the rest of the affidavit reviewed for probable cause); *Davis*, 144 S.W.3d at 201 (same); *see Cates*, 120 S.W.3d at 356 (same).

11

Officer McClain's observations in his affidavit that Dunn's eyes were bloodshot, red, and watery were not challenged before the trial court or on appeal.

The only evidence that Dunn claims establishes the falsity of Officer McClain's affidavit and testimony is the video of the stop. We note, however, that the video sheds no light on Officer McClain's assertion that Dunn smelled strongly of alcohol. Moreover, although slight swaying is arguably visible on the video, in general the subtleties of swaying, slight staggering, and even speaking "thick-tongued" are not always amenable to being captured by a video camera installed in an officer's patrol vehicle parked several feet away, especially when the stop occurs when it is dark outside as in this case, or by the audio equipment worn by the officer. *See Tucker v. State*, 369 S.W.3d 179, 187 n.1 (Tex. Crim. App. 2012) (Womack, J., concurring) (noting that the evidentiary value of video evidence often depends on other factors because "[t]he clarity of the video is often dependent on the lighting, angle or focus of the camera, or the camera's distance from the object recorded" and "[t]he audio may be inaudible due to the tone of the speaker, static, or other background noise"). Viewing the video in the light most favorable to the trial court's ruling, it supports the court's implicit finding that the officer's affidavit statements were accurate. *See id.* at 185 ("The court of appeals should view the video in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings that support the denial of Appellant's motion to suppress."); *Montanez*, 195 S.W.3d at 109.

Even assuming that the video evidence did not corroborate Officer McClain's affidavit and testimony as implicitly found by the trial court, it did not disprove his affidavit or testimony or expose a deliberate falsehood or reckless disregard for the truth. Dunn's belief that the video did not support Officer McClain's affidavit statements—which Dunn characterizes on appeal as Officer McClain's "purely subjective" opinions—is the type of suspicion better channeled into a robust cross-examination rather than serving as a foundation for a *Franks* hearing. *See Franks*, 438 U.S. at 171, 98 S. Ct. at 2684 ("[T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). In short, without more evidence, Dunn failed to rebut the affidavit's presumption of validity with a preponderance of the evidence showing Officer McClain made false statements deliberately or with a reckless disregard for the truth. *Franks*, 438 U.S. at 156, 171, 98 S. Ct. at 2676, 2684; *Cates*, 120 S.W.3d at 355; *Davis*, 144 S.W.3d at 201. And we must respect the trial court's finding that Officer McClain was credible at the hearing, *see Davis*, 144 S.W.3d at 201, and implicit finding that the video supported Officer McClain's affidavit statements, *see Tucker*, 369 S.W.3d at 185. Accordingly, we overrule Dunn's second issue.

13

**V.  CONCLUSION**

Having overruled Dunn's three issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  May 21, 2015

FILE COPY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00059-CR

KEVIN DEAN DUNN                              APPELLANT

V.

THE STATE OF TEXAS                               STATE

------------

## FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1298839

------------

# ORDER

------------

We have considered "Appellant's Motion for En Banc Reconsideration and Supporting Brief."

It is the opinion of the court that the motion for en banc reconsideration should be and is hereby denied and that the opinion and judgment of May 21, 2015, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

FILE COPY

SIGNED July 16, 2015.

/s/ Sue Walker
SUE WALKER
JUSTICE

EN BANC